IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CREDITORS BUREAU ) <br> ASSOCIATES, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | CIVIL ACTION NO. 5:23-cv-162 (MTT) |

## ORDER

Contemporaneously with his complaint (Doc. 1), pro se Plaintiff Kareem Marshall moves for leave to proceed to proceed *in forma pauperis* ("IFP") in this action.  Doc. 2.  As discussed below, Marshall satisfies the requirements of poverty, and that motion is **GRANTED**.  Pursuant to granting Marshall IFP status, the Court must also screen his complaint pursuant to 28 U.S.C. § 1915(e).  After screening, the Court concludes Marshall's complaint is deficient.  Thus, Marshall is **ORDERED** to amend his complaint by **August 28, 2023**.

### I. DISCUSSION

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court … is whether the statements in the affidavit satisfy the requirement of poverty."  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).  Where a Plaintiff demonstrates economic eligibility to file IFP, the court should docket the case and then "proceed to the question ... of whether the asserted claim is frivolous."  *Id*.

**A. Financial Status**

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

To show poverty, the plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. Aug. 4, 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (quotation omitted). The district court is given wide discretion to decide IFP cases and should "grant the privilege sparingly," especially in civil cases for damages. *Martinez*, 364 F.3d at 1306.

Marshall's financial affidavit states he is unemployed with a monthly income of $1,454 in disability. Doc. 2 at 2. Marshall avers his monthly expenses for rent, utilities, food, medical, and transportation amount to $1,632. *Id.* at 4. Assuming Marshall's daughter is part of his household, Marshall's annual income of $17,448 from public assistance falls well below the federal poverty guideline for a household of two, which is

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez*, 364 F.3d at 1306 n.1.

$19,720.² Accordingly, having read and considered Marshall's financial affidavit, the Court finds that Marshall is unable to pay the costs and fees associated with this lawsuit, and his motion to proceed IFP is **GRANTED**.

**B. Frivolity Review**

Because Marshall is pro se and proceeding IFP, the Court must review and dismiss his complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "has little or no chance of success," meaning that it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'" *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). "A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is governed by the same standard as a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6)."³ *Thomas v. Harris*, 399 F. App'x 508, 509 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Nevertheless, Marshall is afforded some leeway because a pro se litigant's pleadings "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (internal quotation marks and citation omitted). But "[d]espite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient

---

² The federal poverty guidelines can be found at https://aspe.hhs.gov/poverty-guidelines.

³ To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). On a motion to dismiss, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *In re Galectin Therapeutics, Inc. Sec. Litig.*, 843 F.3d 1257, 1269 n.4 (11th Cir. 2016) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (quotation marks and citation omitted)).

pleading." *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (citation omitted).

Marshall alleges defendants Creditors Bureau Associates, Experian, and Equifax have committed "willful acts of hate" for which he has a remedy under the following civil and criminal statutes: 18 U.S.C. § 1964; 42 U.S.C § 1983; the Fair Debt Collection Practices Act; the Fair Credit Reporting Act; 18 U.S.C. §§ 241 & 242; 42 U.S.C. § 1981; and 18 U.S.C. § 1028.  Docs. 1 at 2-3; 1-1.  But criminal statutes such as 18 U.S.C. § 1028 provide no civil cause of action or civil remedy.  *Smith v. Mut. Sav. Life Ins.*, 2014 WL 2991091, at *2 (N.D. Fla. July 2, 2014) (citing cases).  As for the civil statutes Marshall cites, Marshall's allegations are conclusory at best, and incomprehensible at worst.  *See* Doc. 1 at 1-19.  While Marshall appears to be complaining of allegedly false credit reports, it is unclear what specific conduct Marshall contends was unlawful, why that conduct was unlawful, and how Marshall was injured as a result of that allegedly unlawful conduct.

However, given Marshall's pro se status, the Court will afford him an opportunity to amend his complaint to state viable claims.  *See Duff v. Steub*, 378 F. App'x 868, 872 (11th Cir. 2010) ("When it appears a pro se plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the pro se plaintiff an opportunity to amend his complaint instead of dismissing it.").  The Court will not look back to the facts alleged in the original complaint once the amended complaint is filed; the Court will only consider the facts in the amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B).  *Hoefling v. City of Miami*, 811 F.3d 1271,

1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

In the "statement of claims" section of his amended complaint, Marshall must link any claims he makes to a named defendant.  If Marshall fails to link a named defendant to a claim, the claim will be dismissed; if Marshall makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action.  Marshall must provide enough facts to plausibly demonstrate that each defendants' actions or omissions resulted in the violation of his rights under a specific law.  It is also recommended that, when drafting his "statement of claims," Marshall list numbered responses to the following questions (to the extent possible) along with the name of each defendant:

(1) What did each defendant do (or not do) to violate his rights?

(2) When did each action occur?

(3) How was Marshall injured as a result of each defendant's actions?

## II. CONCLUSION

Pursuant to 28 U.S.C. § 1915 and for the reasons set forth above, Marshall's motion to proceed IFP (Doc. 2) is **GRANTED**.  Marshall is **ORDERED** to amend his complaint no later than **August 28, 2023**.  Marshall's failure to fully and timely comply with this order may result in the dismissal of this action.

**SO ORDERED**, this 8th day of August, 2023.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT