IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:23-cv-162 (MTT) |
| CREDITORS BUREAU ASSOCIATES, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Pro se Plaintiff Kareem Marshall filed this action against Defendants Creditors Bureau Associates, Experian, and Equifax alleging claims "for willful acts of hate" under various civil and criminal statutes.  Docs. 1 at 2-3; 1-1.  Because the Court granted Marshall's motion to proceed *in forma pauperis* (Doc. 2), Marshall was ordered to amend and file a recast complaint by August 28, 2023 (Doc. 3) pursuant to 28 U.S.C. § 1915(e).  He then moved for an extension of time (Doc. 4), which the Court granted and extended the deadline to September 28, 2023 (Doc. 5).  Since then, Marshall has filed three other complaints against various defendants and eleven separate motions in four different cases.  *See* Docs. 6 and 7; *see also Marshall v. Central Control Portfolio, et al.*, No. 5:23-cv-323-MTT (M.D. Ga.); *Marshall v. Nelnet, et al.*, No. 5:23-cv-321-TES (M.D. Ga.); *Marshall v. Capital Accounts, et al.*, No. 5:23-cv-324-TES (M.D. Ga.).  He has yet to file a recast complaint in this case.  Rather, this matter comes to the Court on Marshall's motions for preliminary injunction and miscellaneous relief.  Docs. 6; 7.  For the reasons below, both motions are **DENIED** without prejudice.  Docs. 6, 7.

First, on August 28, 2023, the date which his recast complaint was originally due, Marshall filed a motion for preliminary injunction. Doc. 6. "As set forth in [his] [original] complaint," Marshall argues "the defendants ha[ve] engaged in conduct that is causing [him] irreparable harm." *Id.* at 1. Marshall also claims his "complaint contains substantial evidence in support of [his] claims" on the merits because "the defendant[s] ha[ve] failed to prove the validity of their actions." *Id.* at 2. But the Court already found Marshall's original complaint deficient—hence its Order to recast and refile. Doc. 4. The Court will not look back to the facts alleged in the original complaint; as explained, it will only consider the facts in Marshall's amended complaint when it conducts the frivolity review required by § 1915(e)(2)(B). Thus, Marshall's motion for preliminary injunction (Doc. 6) is moot and therefore **DENIED** without prejudice. *See Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

Second, on September 6, 2023, Marshall filed a "Motion for Accommodations." Doc. 7. Marshall is allegedly blind and requests an interpreter, permission to file electronically, and either a court-appointed lawyer or a 45-day extension for all filings. *Id.* at 1-2. He also requests "all necessary accommodations and modifications of policies to assist [him] in this proceeding," under "Title II of the Americans with Disabilities Act (ADA)" and Equal Protection Clause. *Id.* at 2. Aside from these specific requests, Marshall fails to identify what those "necessary accommodations" are. If Marshall can meet his burden to prove the reasonableness of specific accommodations as required under the ADA, then the Court will consider those arguments if and when they arise. *See Bircoll v. Miami-Dade Cnty.*, 480 F.3d 1072, 1085-86 (11th Cir. 2007).

-3-

Otherwise, the Court is unable to determine the reasonableness of Marshall's requested accommodations. Marshall fails to demonstrate exceptional circumstances warranting the appointment of counsel and his request for an interpreter is premature given no hearing or other proceeding has been scheduled in this case. To file electronically, Marshall must comply with the Court's instructions. Doc. 8. Thus, Marshall's motion for accommodations (Doc. 7) is **DENIED** without prejudice.

**SO ORDERED**, this 19th day of September, 2023.

S/ Marc T. Treadwell  
MARC T. TREADWELL, CHIEF JUDGE  
UNITED STATES DISTRICT COURT