IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KAREEM MARSHALL,<br><br>    *Plaintiff*,<br><br>v.<br><br>CREDITORS BUREAU ASSOCIATES, EXPERIAN, EQUIFAX,<br><br>    *Defendants.* | CIVIL ACTION NO.<br>5:23-cv-00162-TES |

**ORDER**

Pro se Plaintiff Kareem Marshall filed this action against Defendants Creditors Bureau Associates, Experian, and Equifax alleging claims under a litany of civil and criminal statutes. [Doc. 1, pp. 2–3]. Because the Court granted Marshall's motion to proceed *in forma pauperis* [Doc. 2], the Court conducted a preliminary screening of the complaint pursuant to 28 U.S.C. § 1915(e) and—due to the highly conclusory nature of Plaintiff's Complaint—subsequently ordered him to file a recast complaint by August 28, 2023. *See* [Doc. 3]. He then moved for an extension of time [Doc. 4], which the Court granted, extending the deadline to September 28, 2023 [Doc. 5]. On September 6, 2023, Marshall moved for accommodations [Doc. 7] and for preliminary injunction [Doc. 6], both of which the Court denied. [Doc. 9]. On the day of the deadline to amend, Marshall postmarked his Amended Complaint. [Doc. 10]. The Court now reviews the Amended

Complaint and **DISMISSES** Plaintiff's action for failure to state a claim.

A.      <u>Legal Standard</u>

Having previously waived Plaintiff's filing fee [Doc. 3], the Court must now screen Plaintiff's Amended Complaint. If the Court determines that the Amended Complaint is (1) frivolous or malicious, (2) fails to state a claim for which relief may be granted, *or* (3) seeks monetary relief from a defendant who is immune from such relief, the Court "*shall* dismiss" the case, 28 U.S.C. § 1915(e)(2), and may do so sua sponte, *see Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam).

The Court construes complaints filed by pro se litigants liberally and holds their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, pro se pleadings must still pass muster under well-established standards, and the Court may not "serve as *de facto* counsel for a party . . . [or] rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010).

First, the Court should dismiss a complaint as "frivolous" under § 1915(e)(2)(B)(i) if—despite its factual allegations and legal conclusions—the complaint "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325. Even if the Court finds the complaint not frivolous, the Court should still dismiss a complaint under §

1915(e)(2)(B)(ii) if it does not contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see* Fed. R. Civ. P. 12(b)(6). A complaint that only "offers 'labels and conclusions' or 'a formulaic recitation of a cause of action's elements will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 545). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Id.* at 664. If it is clear, as a matter of law, "that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed. *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

  **B.** **Plaintiff's Amended Complaint**

On August 8, 2023, the Court ordered Marshall to amend his complaint, providing him with clear instructions:

> Marshall must link any claims he makes to a named defendant. If Marshall fails to link a named defendant to a claim, the claim will be dismissed; if Marshall makes no allegations in the body of his complaint against a named defendant, that defendant will be removed from the action. Marshall must provide enough facts to plausibly demonstrate that each defendant's actions or omissions resulted in the violation of his rights under a specific law.

[Doc. 3, p. 5]. The Court also recommended he answer, in the format of "numbered responses," three questions: "(1) What did the defendant do (or not do) to violate his rights; (2) When did each action occur; and (3) How was Marshall injured as a result of

each defendant's actions?"

Marhsall neither complied with the Court's instruction regarding linking the named defendants to specific plausible facts nor followed the Court's recommendation to answer the three guiding questions. *See* [Doc. 10]. Granted, Marshall lists the amounts he believes he is owed from each defendant (e.g., $128,571,300 from CBA for alleged RICO violations, $35,064,900 from Equifax for the same, among other alleged damages under other statutes). [*Id.* at pp. 7–13, 20, 23, 25]. However, Marshall's Amended Complaint remains noticeably bereft of factual allegations and instead persists in listing bare legal conclusions. *See, e.g.*, [*id.* at p. 7 ("Creditors Bureau Associates (CBA) violated my rights under the FDCPA . . . by falsely and misleadingly representing debt and using my personal identification information to create fraudulent reports for consumer reporting agencies, Equifax.")]; [*id.* at p. 14 ("They unlawfully reported fraudulent consumer reports to other consumer reporting agencies without a permissible purpose listed under Title 15 U.S.C. 1681b(A) . . . .")].

Marshall repeatedly claims some information, "evidenced in Exhibit C," is "false" or "fraudulent." *See* [Doc. 10, pp. 7–10, 17. 19, 24]. However, he never once points to or explains what information in the attached exhibit is false. Is his name written wrong? His address? Is the amount owed false? If so, is it all false? Is it a cent off? A dollar off? Instead of taking advantage of his opportunity to clarify, Plaintiff once again leaves the Court guessing. Like in his original Complaint, Plaintiff simply recites

4

repeatedly that the Defendant did not provide him with "proof of validation." [Doc. 10, pp. 6, 8, 24].[1] Even assuming that allegation to be true, the Court can reasonably infer nothing about the veracity of the reported debts.[2]

C.  **Conclusion**

Because Plaintiff has failed to comply with the Court's order to recast his complaint in a manner that plainly states facts entitling him to relief, the Court **DISMISSES** Plaintiff's action pursuant to Federal Rule of Civil Procedure 41(b). *See Brown*, 205 F. App'x at 802; Fed. R. Civ P. 8(a)(2).

**SO ORDERED**, this 31st day of October, 2023.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] The Court notes a concerning discrepancy between Plaintiff's Original Complaint and his Amended Complaint. Attached to his Original Complaint, Plaintiff included a document entitled "Exhibit C" which appears to show that Defendant Equifax *did*, in fact, verify the debt at issue. [Doc. 1-3, p. 3 ("WE VERIFIED THAT THIS ITEM BELONGS TO YOU.")]. Curiously, Plaintiff omitted that document from the "Exhibit C" attached to his *Amended* Complaint. *See* [Doc. 10]. This omission is particularly spurious, given that the cornerstone of Plaintiff's claim appears to be that the information in Exhibit C is "fraudulent" *because* Defendant did not verify it. *See* [Doc. 10, p. 10 ("The 'Lack of Validation' of the alleged debt serves as substantial evidence proving that before the reporting to the consumer reporting agencies, the credit information reported should have been known to be false.")].

[2] A debt collector has no duty under the Fair Debt Collection Practices Act to prove an undisputed debt's validity before collecting it. *See* 15 U.S.C. § 1692(b).