# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **KAREEM MARSHALL,**  *Plaintiff,*  v.  **CREDITORS BUREAU ASSOCIATES, EXPERIAN, and EQUIFAX,**  *Defendants.* | **CRIMINAL ACTION NO.** **5:23-cv-00162-TES** |

## ORDER DENYING MOTION FOR RECONSIDERATION

On October 31, 2023, the Court issued an Order [Doc. 11] dismissing pro se Plaintiff Kareem Marshall's Amended Complaint [Doc. 10] for "fail[ure] to comply with the Court's order to recast his complaint in a manner that plainly states facts entitling him to relief." [Doc. 11, p. 5]. The next day, the Court entered a final judgment [Doc. 12]. Plaintiff timely appealed on November 22, 2023. [Doc. 14]. That same day, Plaintiff filed a document, titled "Objections" [Doc. 13], objecting to the "order issued by the judge on 10/25/23." [Doc. 13, p. 2].

The Court of Appeals for the Eleventh Circuit "construe[d] Marshall's Objections as a timely motion for reconsideration of the [Court's] final order and judgment" under Federal Rule of Civil Procedure 59(e) and directed the Court to rule on it. [Doc. 20, pp.

2–3]. For the reasons detailed below, after thoroughly considering Plaintiff's Motion alongside the Court's final order and judgement, the Court **DENIES** Plaintiff's Motion. [Doc. 13].

A "motion to alter or amend a judgment [under Rule 59(e)] must be filed no later than 28 days after the entry of the judgment." *Samara v. Taylor*, 38 F.4th 141, 149 (11th Cir. 2022) (quoting Fed. R. Civ. P. 59(e)). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly," and, under the local rules, "Motions for Reconsideration shall not be filed as a matter of routine practice." *Goolsby v. Astrue*, No. 5:07-CV-183 (CAR), 2009 WL 3781354, at *1 (M.D. Ga. Nov. 10, 2009) (quoting *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000)); LR 7.6, MDGa. Such motions are appropriate only if the movant demonstrates that "(1) there has been an intervening change in the law, (2) new evidence has been discovered that was not previously available to the parties at the time the original order was entered, or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice." *Bryant v. Walker*, No. 5:10-CV-84 (CAR), 2010 WL 2687590, at *1 (M.D. Ga. July 1, 2010) (quoting *Wallace v. Ga. Dep't of Transp.*, No. 7:04-cv-78, 2006 WL 1582409, at *2 (M.D. Ga. June 6, 2006)). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Samara*, 38 F.4th at 149 (quoting *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)) (cleaned up).

While Plaintiff's motion was certainly timely, he is clearly just dissatisfied with the Court's rulings and ultimate dismissal of his Amended Complaint. *See generally* [Doc. 3]; [Doc. 9]; [Doc. 11]. In airing his grievances, Plaintiff simply rehashes his personal interpretations of the Federal Rules of Civil Procedure (and how they apply to pro se litigants), the United States Constitution, and other matters already presented to and addressed by the Court. *See generally* [Doc. 4]; [Doc. 6]; [Doc. 7]; [Doc. 10] *in connection with* [Doc. 5]; [Doc. 9]; [Doc. 11]. Plaintiff doesn't direct the Court's attention to any "intervening change in the law" or present any "new evidence . . . that was not previously available." *See Bryant*, 2010 WL 2687590, at *1 (quoting *Wallace*, 2006 WL 1582409, at *2). Thus, the Court takes Plaintiff's argument to be that "reconsideration is necessary to correct a clear error of law or prevent manifest injustice" and reviews its Order accordingly. *See id.*; [Doc. 11].

First, Plaintiff argues that the Court failed to liberally construe his pro se complaint. [Doc. 13]. To be sure, the Court liberally construes all pro se pleadings and holds their allegations to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, a "less stringent standard" does not mean "no standard at all." As the Court noted in its Order, "pro se pleadings must still pass muster under well-established standards, and the Court may not 'serve as *de facto* counsel for a party . . . [or] rewrite an otherwise deficient pleading in order to sustain an action." [Doc. 11, p. 2 (quoting *GJR Invs., Inc. v. Cnty. of Escambia*,

3

*Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds by Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010))]. According to Plaintiff, if the Court were construing his Complaint liberally, "when [he] sta[]ted the 'Credit report was false' . . . [the Court] would've interpreted that as the Credit report was false." [Doc. 13, p. 3]. Indeed, that's exactly how the Court interpreted Plaintiff's allegations—they are vague conclusions unsupported by any factual allegations. *See Iqbal*, 556 U.S. at 664. But Plaintiff seems to argue that the Court should go a step further, construing his conclusions as facts and then accepting those facts as true—and that's exactly what the Court cannot do. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[A]llegations that . . . are mere legal conclusions, are not entitled to the assumption of truth.").

      Despite the Court's prodding and guidance, Plaintiff never cleared the hurdle of alleging what exactly in the credit reports was false. "He repeatedly claimed some information, 'evidenced in Exhibit C,' was 'false' or 'fraudulent,' but he never once points to or explains what information in the attached exhibit was false. Is his name written wrong? His address? Is the amount owed false? Is it a cent off? A dollar off?" [Doc. 11, p. 5 (cleaned up)]. Bearing in mind Plaintiff's pro se status, the Court ordered him to amend his Complaint , giving him an opportunity to clarify—an opportunity he did not seize. [Doc. 3]; *see* [Doc. 11, p. 4]. Plaintiff continues to tap dance around the gap in his pleadings. To demonstrate just how silly the Court is, Plaintiff claims that he "had kids (mere teenagers) read a statement from [his] complaint and identify what it is in

4

reference of [sic] in the exhibits." [Doc. 13, p. 3]. But what is this nugget of information, the key to Plaintiff's case, the missing link so obvious that "mere teenagers" identified it with ease? Who knows? Plaintiff plays his cards a bit too close to his chest.[1]

Next, Plaintiff argues that the Court violated his constitutional rights and several federal laws. [Doc. 13, p. 5]. Specifically, Plaintiff alleges that dismissing his case violated his rights under the 5th, 14th, and 7th Amendments to the United States Constitution. [Doc. 13, pp. 3–4]. After thoroughly reviewing its Order, the Court finds no error. [Doc. 11].

Because the Court maintains its reasons for dismissing Plaintiff's Amended Complaint pursuant to Rule 41(b), the Court **DENIES** Plaintiff's Motion for Reconsideration [Doc. 13].

**SO ORDERED,** this 3rd day of January, 2024.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] Perhaps Plaintiff obfuscates for good reason. The Court notes a concerning discrepancy between Plaintiff's Original Complaint and his Amended Complaint. Attached to his Original Complaint, Plaintiff included a document entitled "Exhibit C" which appears to show that Defendant Equifax *did*, in fact, verify the debt at issue. [Doc. 1-3, p. 3 ("WE VERIFIED THAT THIS ITEM BELONGS TO YOU.")]. Curiously, Plaintiff omitted that document from the "Exhibit C" attached to his *Amended* Complaint. *See* [Doc. 10]. This omission is particularly spurious, given that the cornerstone of Plaintiff's claim appears to be that the information in Exhibit C is "fraudulent" *because* Defendant did not verify it. *See* [Doc. 10, p. 10 ("The 'Lack of Validation' of the alleged debt serves as substantial evidence proving that before the reporting to the consumer reporting agencies, the credit information reported should have been known to be false.")].